HARDY, Judge.
This is a tort action for the recovery of damages resulting from personal injuries suffered in an automobile accident. Defendant, the public liability insurer of the vehicle owned and operated by plaintiff’s husband at the time of the accident, has appealed from judgment in favor of plaintiff in the principal sum of $3,500.00.
The only issue presented by this appeal relates to the quantum of the award in favor of plaintiff.
It is strenuously urged by counsel for defendant-appellant that the doctrine of “falsus in uno, falsus in omnibus” should be applied in the instant case, and the testimony of plaintiff and her husband with reference to the nature and extent of her injuries should be disregarded. This contention is based upon the proposition that the testimony of these parties, with reference to the circumstances surrounding the occurrence of the accident, was found to be completely unreliable, and, therefore, the credibility of their testimony as to plaintiff’s injuries should be rejected. We think it unnecessary to devote any extended discussion to this point, first, because of the fact that the written opinion of the district judge clearly reflects his conclusion that the inconsistencies and contradictions in the testimony of plaintiff and her husband on trial of this case were not deliberate and intentional, and therefore, did not constitute false testimony, with which conclusion we are in accord; second, because our conclusions as to an adequate award in the instant case are based upon the expert medical testimony comprehended in the record.
Immediately following the accident, plaintiff was removed to the Haynesville Hospital where she was examined and treated by Dr. Joseph L. Brumfield. As the result of his examination Dr. Brumfield found that plaintiff had sustained numerous bruises and abrasions, a hematoma of one knee, and a cut on the palm side of the right ring finger, which severed the superficial tendon. Plaintiff was treated for her injuries, the severed tendon was repaired and she was kept in the hospital for a period of ten days, primarily for observation to prevent complications of any circulatory involvement resulting from the hematoma. Plaintiff visited Dr. Brumfield on April *83 21st, April 29th and May 19, 1960, on which date she was released from further treatment upon a finding that no disability existed; that the injured finger was well healed and completely functional, and that she was suffering only from some joint stiffness and soreness from her contusions and abrasions. On June 17, 1960, plaintiff again reported to Dr. Brumfield with a request for a report on her condition for the purpose of an insurance claim. Examination on this occasion revealed no disability, indicated almost complete recovery, and the treating physician advised plaintiff to return for further examination and treatment if needed. The plaintiff did not return to Dr. Brumfield following the examination of June 17th, but, after filing this suit in October of 1960, she visited Dr. James Gladney on November 18th with a complaint of circulatory involvement of the left leg. Dr. Gladney’s examination and the application of a blood pressure test, which he described in his testimony, supported his conclusion that plaintiff suffered tenderness to pressure which was a positive objective sign of injury “—as a result of her accident.” It is pertinent to observe that Dr. Gladney’s relationship of plaintiff’s condition to injuries suffered in the accident could only have been based upon the history given by the patient and not upon any first-hand knowledge of her condition over the period of five months which intervened between her last visit to Dr. Brumfield and her first consultation with Dr. Gladney. Plaintiff again consulted Dr. Gladney on March 27th and April 4, 1961.
On March 24, 1961, plaintiff was examined by Dr. Jack B. Birdwell at the request of the defendants, and as the result of his examination this physician was unable to find any impairment of circulation or any residual disability that might have resulted from the accident.
Summing up our analysis of the medical testimony, we think it fails to establish a causal connection between the injuries suffered in the accident and plaintiff’s alleged circulatory trouble. Nor can we conclude that plaintiff’s pain and suffering was of such degree or severity as she claimed, in view of the lapse of an extended period of time between the date of her discharge by her treating physician and her consultation of another physician after filing this suit.
We note the following comment in the written opinion pf the district judge:
“Considering the fact that the plaintiff was at the time of the injury a woman of sixty-six years; that she had been a person in good health, but has been under treatment of a doctor even up to the time of the trial, at which time she did not appear to have been fully recovered; and considering that the award in this case does not allow for medical expenses, and that necessarily part of the award is to be subject to a deduction for her doctor’s bill and some other expenses, such as the payment for maid services which would be necessary in substituting for her regular work as a housewife and the milking of cows, etc., we are of the opinion that counsel has asked for a reasonable amount in reducing his demands to the sum of $3,500.00.”
It is obvious from the above quoted extract from the opinion that the judge gave consideration in his fixing of quantum to the items of medical and other expenses which could not be claimed by nor awarded to the plaintiff in this action.
Under the circumstances relating to plaintiff’s injuries, and in consideration of the testimony with respect thereto, we have concluded that the award made was somewhat excessive and should be reduced by the amount of $1,000.00.
For the reasons assigned the judgment appealed from is amended by reducing the amount of the judgment in favor of plaintiff and against the defendant to the principal sum of $2,500.00, and, as amended, the same is affirmed. Costs of this appeal are taxed against plaintiff.